J-S37014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DALLAS RAY VAVRA | |
| Appellant | No. 924 EDA 2014 |

Appeal from the Order February 19, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000809-2011

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED JUNE 18, 2015**

Appellant, Dallas Ray Vavra, appeals *pro se* from the order entered in the Northampton County Court of Common Pleas, which denied his motion for reconsideration of a prior order quashing a subpoena for Appellant's former counsel.  On July 13, 2011, the court convicted Appellant of theft and receiving stolen property ("RSP").  The court sentenced Appellant that day to 9-23 months' imprisonment for the theft conviction; the RSP conviction merged for sentencing purposes.  This Court affirmed the judgment of sentence on August 2, 2012.  ***See Commonwealth v. Vavra***, 60 A.3d 555 (Pa.Super. 2012).  Appellant did not pursue further direct review.  On December 26, 2012, Appellant timely filed a *pro se* petition for collateral relief under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  The court appointed counsel, who subsequently filed an

amended PCRA petition. Following a hearing on April 1, 2013, the court denied PCRA relief on May 3, 2013. On Monday, June 3, 2013, Appellant timely filed a notice of appeal, docketed at No. 1668 EDA 2013.

During the pending appeal, Appellant filed a subpoena on January 13, 2014, for his former counsel on direct appeal (whom Appellant alleged in his PCRA petition had rendered ineffective assistance). The court quashed the subpoena on February 4, 2014. On February 18, 2014, Appellant filed a *pro se* motion for reconsideration, which the court denied on February 19, 2014. On February 21, 2014, Appellant filed a notice of appeal (docketed at No. 717 EDA 2014) from the order quashing the subpoena. On March 18, 2014, Appellant filed the current notice of appeal (docketed at No. 924 EDA 2014) from the order denying his motion for reconsideration.

Instantly, Appellant's current appeal is from the order denying his motion for reconsideration and is duplicative of his appeal at No. 717 EDA 2014 from the underlying order quashing his subpoena.[1] On July 18, 2014, this Court dismissed that appeal, without prejudice to Appellant to seek relief in his pending appeal (at No. 1668 EDA 2013) from the denial of PCRA

---

[1] On March 28, 2014, the trial court entered an order acknowledging that Appellant's appeal from the order denying the motion for reconsideration was duplicative and advising Appellant to refrain from submitting further duplicative appeals.

- 2 -

relief.[2]

Further, since 2011, Appellant has filed 57 notices of appeal in five criminal cases from Monroe and Northampton counties. Appellant has also filed more than 126 motions resulting in this Court's Prothonotary having to file, process, and docket more than 277 more documents.[3] **Thus, we hereby prohibit Appellant from submitting any additional filings for relief in this case without prior permission from this Court.** We further direct the Prothonotary to assess appropriate costs against Appellant in connection with the instant appeal. *See* Pa.R.A.P. 2744 (stating appellate court may assess costs if it determines appeal is frivolous). Accordingly, we dismiss this appeal as duplicative.[4]

Appeal dismissed.

_____

[2] Appellant might no longer be serving the original sentence for his underlying convictions.

[3] In response to Appellant's numerous filings, this Court advised Appellant it would assess costs against him for further frivolous filings. *See* (Order, 7/19/13, 687 EDA 2013) (advising Appellant that any further frivolous interlocutory appeals will result in assessing costs against Appellant); (Order, 2/3/14, 2614 EDA 2013) (again advising Appellant that any further filings of frivolous interlocutory appeals will result in assessing costs against him); (Order, 5/6/14, 1156 EDA 2014) (sanctioning Appellant to pay $220.50 immediately for frivolous filings).

[4] On May 14, 2015, Appellant filed an application for remand for issuance of a more detailed Pa.R.A.P. 1925(a) opinion. We deny the application.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/18/2015</u>